IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YAYAH TALIB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1581-DWD |
| | ) |
| DAN SPROUL, Warden, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Yayah Talib, a Federal Bureau of Prisons inmate incarcerated at the United States Penitentiary Marion, brings this habeas action pursuant to 28 U.S.C. § 2241. He challenges his designation and sentence as a career offender in *United States of America v. Yayah Talib*, Case No. 7-CR-0003-JPJ (W.D. Va.) ("Criminal Case"). Talib argues that his prior burglary conviction no longer qualifies as a predicate for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 after *Mathis v. United States*, 136 S.Ct. 2243 (2016).

This matter is now before the Court for preliminary review of the Petition (Doc. 1). Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

Talib was convicted after a jury trial for conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (Count 1) and conspiring to provide and possess heroin in prison (Count 2) in violation of 18 U.S.C. § 371 (Criminal Case, Doc. 291). In March 2008, Talib was sentenced to 262 months' imprisonment, consisting of 240 months for Count 1, and 60 months for Count 2, to run partially consecutive to produce a total term of 262 months (Criminal Case, Docs. 366, 370). These terms reflect the statutory maximums under 21 U.S.C. §§ 841(b)(1)(C) (prescribing a maximum term of imprisonment of not more than 20 years) and 18 U.S.C. § 371 (prescribing a maximum term of imprisonment of not more than 5 years).

Talib was treated as a career offender under U.S.S.G. § 4B1.1 ("Sentencing Guidelines") based on his three prior convictions: (a) a 1989 conviction for burglary; (b) a 1997 conviction for unlawful delivery of a non-controlled substance; and (c) a 2000 carjacking conviction. *United States v. Talib*, 347 F.App'x 934, 940 (4th Cir. 2009) (direct appeal); *see also* Doc. 1, p. 9 (attaching one-page of Petitioner's PSR which identifies four felony convictions that qualify Petitioner as a career offender, including Burglary, Unlawful Delivery of a Non-Controlled Substance, Escape, and Carjacking).

Talib has filed multiple post-conviction motions challenging his sentence. In June 2010, Talib filed a motion under 28 U.S.C. § 2255 asserting a claim for ineffective assistance of counsel (Criminal Case, Doc. 447). The district court denied this § 2255

motion on April 18, 2011 (Criminal Case, Docs. 474, 475). Talib appealed the denial of his § 2255 motion, and the Fourth Circuit Court of Appeals dismissed the appeal in October 2011 (Criminal Case, Doc. 482). In June 2016, Talib was granted authorization to file a second § 2255 motion (Criminal Case, Doc. 493). This motion asserted an argument under *United States v. Johnson*, 135 S.Ct. 2551 (2015) (Doc. 494). Following the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), Talib voluntarily dismissed his § 2255 motion (Docs. 505, 506).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner can challenge his federal conviction or sentence under Section 2241 only in very limited circumstances. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." In order to fit within the savings clause, a petitioner must meet the three requirements first set out in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

The third *Davenport* requirement is that Petitioner must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017). Talib cannot meet that requirement because the Sentencing Guidelines were only advisory at the time of his sentencing. A claim that a defendant was erroneously treated as a career

3

offender under the advisory Sentencing Guidelines does not demonstrate a miscarriage of justice.  *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (an error in calculating the guidelines range does not constitute a miscarriage of justice given the advisory nature of the guidelines, and when the district court determines the sentence to be appropriate, and the sentence does not exceed the statutory maximum).

Talib wrongly asserts that *Hawkins* is not applicable following *Rosales-Mireles v. United States*, 138 S.Ct. 1897, 1903 (2018) (holding that, on direct appeal, a miscalculation of a Guidelines sentencing range which is "plain and affect substantial rights" calls for a court of appeals to exercise its discretion under Federal Rule of Civil Procedure 52(b) to vacate the defendant's sentence).  However, this is incorrect as *Rosales-Mireles* concerned a direct appeal.  The Seventh Circuit has made clear that "[t]here is a difference between reversing an error on appeal and correcting the error years later.  An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding."  *Hawkins*, 706 F.3d at 824; *see also Hanson v. United States*, 941 F.3d 874 (7th Cir. 2019).

The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005); *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017).  Talib was sentenced in 2008, long after *Booker*.  Further, his sentence does not exceed the statutory maximums.  Accordingly, any error under the

advisory sentencing guidelines is not reviewable. *See, Coleman*, 763 F.3d at 708 (citing *Hawkins*, 706 F.3d at 824-25).

## Disposition

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Talib plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Talib will be required to pay a portion of the appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Talib to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**SO ORDERED.**
Dated: December 8, 2021

_____
DAVID W. DUGAN
United States District Judge